**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50459 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00298-JFW |
| v. | |
| GREGORY COYLE, a.k.a. Boca, a.k.a. Greg Coyle, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Gregory Coyle appeals from the district court's judgment and challenges the

71-month sentence imposed following his guilty-plea conviction for bank robbery,

in violation of 18 U.S.C. § 2113(a).  We have jurisdiction under 28 U.S.C. § 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and we affirm.

Coyle contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve a factual dispute regarding the 1979 conviction described in the presentence report. We review de novo. *See United States v. Saeteurn*, 504 F.3d 1175, 1178 (9th Cir. 2007). The district court did not violate Rule 32(i)(3)(B) because the factual dispute regarding the 1979 conviction "had no relevance to the district court's determination of the prison time of his sentence." *Id.* at 1179. Coyle's contention that Rule 32 required the district court to resolve the dispute because the nature of his prior conviction affected his Bureau of Prisons custody designation lacks merit. *See id.* at 1180 ("Rule 32 does *not* require the sentencing judge to resolve disputes that affect only the manner and location of service of the sentence, and not the term imposed.").

**AFFIRMED.**